# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

FILED

2012 JUL 20 P 3: 3?

U.S. DISTRICT COURT

**WARNING: You cannot use this form to ask the Court to release you from prison, to shorten your sentence, or to give you back good time credits that were taken away. If that is what you want, you must use the forms for a writ of habeas corpus.**

CASE NO. _____

PLAINTIFF(S) [Write the name(s) of the person(s) complaining.]

KACEY LEWIS
_____
_____
_____
_____

vs.

DEFENDANT(S) [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.]

Dr. MARK Frayne, MD
Dr. Robert Berger, MD
Dr. Gerard Gagne' Jr., M.D
_____
_____

Rev. 10/14/09

**Complete every section and SIGN THE LAST PAGE.** The Court cannot give you legal advice, so if you need help, you should call Inmate Legal Assistance at 1-800-301-ILAP (4527). It is a good idea to ask ILAP to review your complaint before you send it to the Court, to make sure that your allegations describe the kind of claim that you can make in federal court and minimize the risk that your case will be dismissed for failure to state a good legal claim.

## A.   JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check **one**.

I can bring my complaint in federal court because I am suing:

1. _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B.   PLAINTIFF(S)   (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1. <u>First Plaintiff</u>

   a.   Full Name:   *KACEY LEWIS*

   b.   Inmate Number:   *165480*

   c.   Correctional facility:   *Garner*

   d.   State of citizenship:   *U.S. Citizen*

2. <u>Second Plaintiff</u>

   a.   Full Name:

   b.   Inmate Number:

   c.   Correctional facility:

   d.   State of citizenship:

**C.**   **DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six people, attach additional pages. Provide items 1, 2, and 3 for each additional defendant.

1.   First Defendant

    a.   Full Name:   MARK FRAYNE

    b.   Rank or Title:   PsyD

    c.   Workplace:   NORTHERN CORRECTIONAL Institution

2.   Second Defendant

    a.   Full Name:   ROBERT BERGER

    b.   Rank or Title:   M.D.

    c.   Workplace:   DEP'T OF CORRECTION

3.   Third Defendant

    a.   Full Name:   GErard Gayne' Jr

    b.   Rank or Title:   M.D.

    c.   Workplace:   NorTHERN CORRECTIONAL Institution

4.   Fourth Defendant

    a.   Full Name:

    b.   Rank or Title:

    c.   Workplace:

5.   Fifth Defendant

    a.   Full Name:

    b.   Rank or Title:

    c.   Workplace:

6.   Sixth Defendant

    a.   Full Name:

    b.   Rank or Title:

    c.   Workplace:

D.    **PREVIOUS LAWSUITS RELATED TO THIS CASE**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages.   **Provide items a-d for each case.**

1.    <u>First Lawsuit</u>

    a.    Court and Date filed:

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?

       NO OTHER Law SUITS INVolving THIS CASE.

    d.    Did you win or lose?  If you lost, did you appeal? If you
       appealed, what did the appeals court say?

2.    <u>Second Lawsuit</u>

    a.    Court and Date filed:

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?

    d.    Did you win or lose?  If you lost, did you appeal? If you
       appealed, what did the appeals court say?

3.    <u>Third Lawsuit</u>

    a.    Court and Date filed:

    b.    Caption and Docket No.:

    c.    Briefly, what was this lawsuit about?

    d.    Did you win or lose?  If you lost, did you appeal? If you
       appealed, what did the appeals court say?

**E.   OTHER LAWSUITS**

Tell the Court if any plaintiff has filed other federal lawsuits in this court within the past ten (10) years. If you need more space, attach additional pages.  **Provide items a-d for each case.**

1.   First Lawsuit

    a.   Court and Date filed: Bridgeport,   01-26-2010

    b.   Caption and Docket No.: LEWIS VS. WATERBURY, et al   3:10 CV112 (MRK)

    c.   Briefly, what was this lawsuit about?

        Police Brutality.

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

        CASE still pending in court.

2.   Second Lawsuit

    a.   Court and Date filed:

    b.   Caption and Docket No.:

    c.   Briefly, what was this lawsuit about?

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

3.   Third Lawsuit

    a.   Court and Date filed:

    b.   Caption and Docket No.:

    c.   Briefly, what was this lawsuit about?

    d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

**F.    REASON FOR COMPLAINT**

WARNING: Common mistakes can get your case **dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.

1.    Failure to use the prison grievance process before suing. You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2.    Complaining about incidents that happened a long time ago: You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3.    Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4.    Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5.    Complaining about a criminal conviction or prison disciplinary

proceeding that resulted in loss of good time credits or other chance to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-381-ILAP before you file a complaint. If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to **be specific about dates, times, and the names of the people involved.** It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person — for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

**Now describe your claims.**

Statement of Case

1.              SEE  ENClosEd  COMPlaint

2.

3.

4.

5.

6.

7.

8.

9.

10.

**If you need more space, attach additional pages, but be as brief as possible.**

Rev. 10/14/09                                    8

**G.   REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or Bivens action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

_____

_____

_____

**H.   Do you wish to have a jury trial?  Yes  ✓ .   No_____**

**I.   DECLARATION UNDER PENALTY OF PERJURY**

**Warning: You must sign this or your complaint will not be filed.**

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.  I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.  See 18 U.S.C. Sections 1621, 3571.

Signature: _Kasey Lewis_____

Signed at _Garner Correctional Institution_  on _07·02·12_
　　　　　　　**(Location)**　　　　　　　　　　　**(Date)**

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

## J.   FINAL INSTRUCTIONS

WARNING: Your complaint will not be filed unless you complete each of these steps:

1.   Sign the Declaration under Penalty of Perjury on p. 9

2.   Be sure to include the date with your signature on p. 9

3.   Enclose a check for $350 (payable to "Clerk, United States District Court") **OR** a completed Application to Proceed In Forma Pauperis

4.   Enclose **one** copy of the complaint for the Clerk's Office. You do not need to send a copy for each defendant.

5.   Send the complaint plus either your application for IFP status or your check for $350 (payable to "Clerk, United States District Court") to one of the addresses below:

- CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604.

- CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 450 MAIN ST, HARTFORD, CT 06103

- CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 141 CHURCH ST, NEW HAVEN, CT 06510

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

Rev. 10/14/09

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kacey Lewis
     Plaintiff                   :  Civil Action

vs.                         :  File No.

Mark Frayne, MD
Robert Berger, MD
Gerard Gagne, Jr. MD
     Defendants

COMPLAINT

Comes now the plaintiff in the above-referenced case and respectfully presents

his complaint as follows:

1.     This honorable court has exclusive original jurisdiction of this complaint under 42

U.S.C.A. Section 1983.

2.     The Defendant Dr. Mark Frayne is a doctor at Northern Correctional Institution

and is subject to this court's jurisdiction.  Service may be made to this defendant

at the office of the Attorney General, 55 Elm Street, Hartford, Connecticut.  Dr.

Mark Frayne is being sued in his official and individual capacity.

3.     The Defendant, Dr. Robert Berger is a doctor in the Department of Correction

(DOC) and is subject to this court's jurisdiction, service may be made to this

defendant of the Office of the Attorney General, 55 Elm Street, Hartford,

Connecticut.  Dr. Robert Berger is being sued in his official and individual

capacity.

4.     The Defendant, Dr. Gerard Gagne, Jr. is a doctor at Northern Correctional

Institution and is subject to this court's jurisdiction.  Service may be made to this

**Page 2**

Defendant at the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut.  Dr. Gagne is being sued in his official and individual capacity.

5.   On or around May 19, 2011, the Defendant, Dr. Mark Frayne approached the Plaintiff stating:  "I need to talk to you."  Where the Plaintiff decline to speak with the Defendant whereupon, the Defendant returned to the Plaintiff's cell with custody staff, (Captain Cahill and Lt. Pafumi) and then the Plaintiff was forced out of his cell, where DOC employees used force on the Plaintiff and they moved the Plaintiff from housing unit to the medical unit.

6.   The Defendant Dr. Frayne placed the Plaintiff in a filthy cell infested with ants and flies and had excrement on the walls and floors; no cleaning supplies were afforded.

7.   The Defendant Mark Frayne deprived the Plaintiff of writing implements.  The plaintiff was also deprived of adequate clothing for several days.  When the Defendant Mark Frayne attempted to force the Plaintiff to wear soiled underwear and socks previously worn by another prisoner.  The Defendant gave no explanation as to why the Plaintiff was not given his own clothing items.

8.   On or around May 31, 2011, the Defendant Mark Frayne posted a notice on the cell window and the notice read that ["A mental health hearing would convene on June 1, 2011 to determine if I should be involuntary be medicated"].  The notice failed to state the grounds for involuntary medication.

**Page 3**

9.    On or around June 1, 2011, the Plaintiff was approached by the Defendant Dr. Robert Berger, where the Defendant asked the Plaintiff his age and whether or not he had received mental health treatment in the past.

10.   On or around June 1, 2011, the Defendant Robert Berger authorized for the DOC to involuntary medicate the Plaintiff against his will, without having found the Plaintiff to be a danger to himself or others.

11.   On or around June 1, 2011, the Defendant Gerard Gagne, Jr. ordered that the Plaintiff be medicated with psychotropic drugs against the Plaintiff's will; without having found the Plaintiff to be a danger to himself or others.

12.   Between June 1, 2011, and June 13, 2011, the Defendant Dr. Gagne ordered around seventeen (17) injections of psychotropic drugs into the Plaintiff's body against his will.

13.   Currently, the DOC is still forcing the Plaintiff to submit to injections of psychotropic drugs against his will.

14.   The Defendants have violated the Plaintiff's rights under the U.S. Constitution. Wherefore, the Plaintiff prays for the following relief:

   (a)   That He recover <u>compensatory damages</u>, in such amount as the jury may determine, but not less than one million ($1,000,000) dollars

   (b)   That He recover <u>punitive damages</u>, in such amount as the jury may determine, but not less than two million($2,000,000).

**Page 4**

(c)   That He recover the court fees and cost of filing this action

(d)   That He recover <u>injunctive relief</u>, and that the court order the DOC to stop medicating the Plaintiff with psychotropic drugs against his will and that they stop forcing the Plaintiff to submit to mental health treatment and;

(e)   That He recovers and has such other and further relief as this court deems appropriate.

Submitted by: _____*Kacey Lewis*_____, Plaintiff Pro Se
  Kacey Lewis
  No. 165480
  50 Nunnawauk Road
  Newtown, CT  06470