UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KACEY LEWIS,<br>              Plaintiff, | |
| v. | PRISONER CASE NO.<br>3:12-cv-1070(JCH) |
| DR. MARK FRAYNE, et al.,<br>              Defendants. | NOVEMBER 13, 2012 |

### INITIAL REVIEW ORDER

The plaintiff, Kacey Lewis, incarcerated and pro se, has filed a Complaint under 42 U.S.C. § 1983. He names Drs. Mark Frayne, Robert Berger and Gerard Gagne as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief." See Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam); 28 U.S.C. § 1915A(b). This requirement applies both where the inmate has paid the filing fee and where he is proceeding in forma pauperis. See id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff is currently confined at Garner Correctional Institution in Newtown, Connecticut ("Garner").  He alleges that on May 19, 2011, Dr. Frayne asked to speak to him.  When he refused to speak to Dr. Frayne, several correctional officials moved the plaintiff to a cell in the medical unit.  The cell was infested with bugs, and feces were smeared on the walls.  Medical officials would not permit the plaintiff to clean the cell. Dr. Frayne denied the plaintiff writing implements and clothing for several days.

On May 31, 2011, Dr. Frayne posted a notice on the plaintiff's cell window informing him that a mental health hearing would be conducted to determine if the plaintiff should be involuntarily medicated.  On June 1, 2011, Dr. Berger asked the plaintiff his age and whether he had received mental health treatment in the past.  Dr. Gagne then issued an order that the plaintiff be involuntarily medicated with psychotropic drugs.  No finding was made that the plaintiff was a danger to himself or others.  The plaintiff received approximately seventeen injections of a psychotropic medication during the period from June 1 to June 13, 2011.  The plaintiff continues to be medicated against his will.  The plaintiff seeks monetary damages and injunctive

relief.

To the extent that plaintiff asserts section 1983 claims against the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (section 1983 does not override a state's Eleventh Amendment immunity).  The section 1983 claims for money damages against the defendants in their official capacities are therefore dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the Complaint, the court concludes that the plaintiff has stated plausible claims that the defendants violated his Fourteenth Amendment due process rights and his rights under the Eighth Amendment's prohibition against cruel and unusual punishment.  Thus, the case will proceed at this time as to these claims against all defendants in their individual capacities and against all defendants in their official capacities to the extent that plaintiff seeks injunctive relief.

ORDERS

The court enters the following orders:

(1) The section 1983 claims for money damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The Fourteenth and Eighth Amendment claims shall proceed against all defendants in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive relief.

(2) Within fourteen (14) days of this Order, the U.S. Marshals Service

shall serve the summons, a copy of the Complaint [doc. #1] and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this Order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through

37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

 (8) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

 (9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED.**

 Dated at New Haven, Connecticut this 13th day of November 2012.

       /s/ Janet C. Hall
       Janet C. Hall
       United States District Judge