UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KACEY LEWIS,
        Plaintiff,

                                PRISONER CASE NO.
v.                                  3:12-cv-1070(JCH)

DR. MARK FRAYNE, et al.,                 MARCH 5, 2013
        Defendants.

## RULING ON MOTION FOR INJUNCTIVE RELIEF

On July 20, 2012, the plaintiff, Kacey Lewis, incarcerated and pro se, filed a Complaint pro se under 42 U.S.C. § 1983 against Drs. Mark Frayne, Robert Berger and Gerard Gagne.  Pending before the court is the plaintiff's Motion for Injunctive Relief.  The plaintiff states that during his confinement at Northern Correctional Institution in 2001, the defendants injected him with psychotropic drugs against his will.  The plaintiff also claims that, after his transfer to Garner, he was still receiving injections.  He seeks a court order directing the defendants and the Department of Correction to stop the injections.

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated.  See Faiveley Transport Malmo AB v. Wabtec Corp., 559 F. 3d 10, 118 (2d Cir. 2009).  To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'"  Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. See Kern v. Clark, 331 F.3d 9, 12 (2d Cir. 2003). Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995]. In this case, the court finds that oral testimony and argument is not necessary.

The plaintiff's Complaint involves claims against defendants Drs. Frayne, Gagne and Berger relating to his mental health treatment during his confinement at Northern from May 19, 2011 to November 18, 2011. The plaintiff is currently confined at Garner Correctional Institution ("Garner"). Defendants Frayne and Gagne are employed at Northern Correctional Institution and no longer provide treatment to the plaintiff. See Defs.' Reply Mot. Injunctive Relief, Doc. No. 13, Ex. 2. Dr. Berger was a member of the independent panel that convened during the plaintiff's incarceration at Northern and reached a determination that the plaintiff's psychotic disorder required involuntary medication. See id. Dr. Berger is not the plaintiff's current treating psychiatrist. The plaintiff is presently being treated for his mental health conditions by mental health providers at Garner. (See id.)

To the extent that the plaintiff seeks injunctive relief relating to conditions of confinement and mental health treatment at Northern, that request is now moot. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) (inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different

correctional institution); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  To the extent that the plaintiff seeks injunctive relief from individuals who provide mental health treatment at Garner, the court cannot enjoin their actions.  The court must have in personam jurisdiction over a person before it can validly enter an injunction against him or her.  See In re Rationis Enterprises, Inc. of Panama, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action . . .").  Because the mental health personnel at Garner are not defendants, the court lacks jurisdiction to enjoin their conduct.

Accordingly, for the reasons set forth above, the Motion for Injunctive Relief [**Doc. No. 4**] is **DENIED**.

**SO ORDERED**.

Dated this 5th day of March, 2013, at New Haven, Connecticut.


    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge