UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| KACEY LEWIS | : | CIVIL NO. 3:12CV1070(VLB) |
| | : | |
| v. | : | |
| | : | |
| MARK FRAYNE, ET AL. | : | JUNE 1, 2016 |

## TRIAL MEMORANDUM

Defendants' counsel submits this draft Joint Trial Memorandum without having received any materials from the plaintiff. The plaintiff has refused to meet with the undersigned to prepare this memorandum. Accordingly, the defendants reserve the right to supplement their trial materials in the event the plaintiff files a trial memorandum. See Defendants' Response To Plaintiff's Motion For Leave To File Separate Trial Memoranda (Doc No. 106). [1]

---

[1] Prior to filing this memorandum today, the undersigned waited for the daily mail to confirm that the plaintiff has sent nothing to counsel as of the due date set by the court, and plaintiff has sent nothing. In addition, the undersigned contacted chambers requesting guidance and was informed by the clerk that ultimately it was up to the undersigned whether to file an individual memorandum. Mindful that this matter is set for jury selection at the end of this month, the undersigned chooses to err on the side of caution and file at least the defendants' portion of the trial memorandum.

I.     TRIAL COUNSEL

The Plaintiff:

Kacey Lewis, no. 165480
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

The Defendants:

Terrence M. O'Neill
Assistant Attorney General
Federal Bar No. ct10835
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
terrence.oneill@ct.gov

II.     JURISDICTION

The plaintiff alleges deprivations of his Eighth and Fourteenth

Amendment Rights. Jurisdiction is conferred on this court pursuant to 42

U.S.C. § 1983.

III.     JURY/NON-JURY

In his pro se complaint, the plaintiff claimed this matter to the jury.

## IV.    LENGTH OF TRIAL

The parties estimate that the trial of this matter will take approximately three days exclusive of jury selection and deliberations.

## V.    FURTHER PROCEEDINGS

None.

## VI.    NATURE OF CASE

The plaintiff, Kacey Lewis, alleges that defendants Mark Frayne, Gerard Gagne and Robert Berger caused him to be wrongfully administered psychoactive medications against his will while he was an inmate at the Northern Correctional Institution in violation of his Fourteenth Amendment Rights.  In addition, the plaintiff alleges that defendant Frayne caused him to be held in a filthy cell and forced to wear soiled clothing for a time prior to the administration of involuntary medication.  The defendants, two psychiatrists and a psychologist, deny the plaintiff's material allegations and contend that they followed the constitutionally appropriate process for the involuntary administration of psychoactive medication and that such administration was clinically necessary.  Defendant Frayne denies the plaintiff's claims that he was subjected to cruel and unusual punishment with respect to his cell assignment or the clothing he was provided.  Finally, the defendants assert

the affirmative defenses of qualified immunity and failure to exhaust prison administrative remedies.

## VII. TRIAL BY MAGISTRATE JUDGE

The parties have not stipulated to a trial before a magistrate judge. The defendants are willing to stipulate to a trial before a magistrate judge.

## VIII. EVIDENCE

a. Witnesses

For The Plaintiff:

For The Defendants:

1. Mark Frayne, Psy.D., 287 Bilton Road, Somers, CT 06071, will testify concerning his assessment and treatment of the plaintiff, the medication panel process that was followed to permit a prescribing physician to order the involuntary medication of the plaintiff and his role in that process, the process for administering medications to an uncooperative patient, the conditions of plaintiff's confinement that are raised in plaintiff's complaint and any other matters that may be raised in plaintiff's presentation of evidence. His direct testimony should take 2 hours.

2. Gerard Gagne, M.D., 287 Bilton Road, Somers, CT 06071, , will testify concerning his assessment and treatment of the plaintiff, the medication panel process that was followed to permit a prescribing physician to order the involuntary medication of the plaintiff, the process for administering medications to an uncooperative patient, the conditions of plaintiff's confinement that are raised in plaintiff's complaint and any other matters that may be raised in plaintiff's presentation of evidence. His direct testimony should take 1 hour.

3. Robert Berger, M.D., University of Connecticut Health Center, 263 Farmington Avenue, Farmington, CT 06030, will testify concerning his assessment of the plaintiff, his role as the head of the panel convened

to assess the plaintiff for involuntary medication and the process for reviewing requests by prescribers to permit the involuntary administration of psychoactive medication to inmates. His direct testimony should take 1 hour.

4.  Deborah Ward, R.N., 287 Bilton Road, Somers, CT 06071, may testify concerning her assessment of the plaintiff and her role as a member of the panel that convened and authorized the involuntary medication of the plaintiff. If called to testify, her direct examination should take less than 1 hour.

5.  Jason Cahill, 287 Bilton Road, Somers, CT 06071, the plaintiff's former unit manager, will testify concerning the plaintiff's behavior during the time he was at NCI, the need to move plaintiff to the medical unit to monitor his condition, the condition of the cell and clothing provided to the plaintiff in that unit, and any matters raised by the plaintiff's presentation of the evidence. If necessary, Mr. Cahill may also authenticate video recordings and DOC records offered as exhibits by the defendants. His testimony should take approximately two hours exclusive of the time during which video recordings are played for the jury.

6.  Michael Pafumi, Lieutenant, 287 Bilton Road, Somers, CT 06071, may testify concerning the move of the plaintiff to the NCI medical unit on

May 19, 2011, the condition of the medical unit cell and the clothing he was provided, the process for restraining inmates so that they may be involuntarily medicated and his observations of the plaintiff on this and other days during the relevant time period. His testimony should take approximately one hour exclusive of the time during which video recordings may be played for the jury.

7. Lt. Correa, 287 Bilton Road, Somers, CT 06071, may testify concerning the administration of medication to the plaintiff on June 1, 2011 in the NCI medical unit, the condition of the medical unit cell and the clothing he was provided, the process for restraining inmates so that they may be involuntarily medicated and his observations of the plaintiff on this and other days during the relevant time period. His testimony should take approximately one hour exclusive of the time during which video recordings may be played for the jury.

8. Lt. Sharpe, 287 Bilton Road, Somers, CT 06071, may testify concerning administration of medication to the plaintiff on June 1, 2011 in the NCI medical unit, the condition of the medical unit cell and the clothing he was provided, the process for restraining inmates so that they may be involuntarily medicated and his observations of the plaintiff on this and other days during the relevant time period. His testimony should take

approximately one hour exclusive of the time during which video recordings may be played for the jury.

The defendants reserve the right to supplement this list upon seeing the pro se plaintiff's list of witnesses and exhibits and to call rebuttal witnesses.

b. **Exhibits**

For the Plaintiff

1.

For The Defendants:

    A.  NCI Video Case No. NCI-11-910 (5/19/11)

    B. NCI Video Case No. NCI-11-958 (6/1/11)

    C. NCI Video Case No. NCI-11-959 (6/1/11)

    D. Plaintiff's Medical Record Treatment Notes From January-November 2011 ( 85 pgs)

    E. Plaintiff's Medical Record Physicians' Orders From January-November 2011 ( 8 pgs)

    F. Plaintiff's Institutional Disciplinary History

    G. Plaintiff's Judgment Mittimuses showing felony convictions

The defendants reserve the right to supplement this list upon seeing the pro se plaintiff's list of witnesses and exhibits and to offer rebuttal exhibits.

c.  DEPOSITION TESTIMONY

None.

9.  STIPULATIONS OF FACT—JURY TRIAL

    A.  At all relevant times, the plaintiff was an inmate confined at the Northern Correctional Institution in Somers, CT

B. At all relevant times, defendant Mark Frayne, Psy.D., was a psychologist employed at NCI.

C. At all relevant times, defendant Gerarg Gagne, M.D., was a psychiatrist employed at NCI.

D. At all relevant times, defendant Robert Berger, M.D., was a psychiatrist and the director of mental health services for the UConn Correctional Managed Care Program.

E. At all relevant times, the three defendants were acting under color of law.

10. ANTICIPATED EVIDENTIARY PROBLEMS

As noted above and in their separately filed reply (Doc. No. 106), the defendants have not seen any of the plaintiff's proposed exhibits or witnesses, and as such, are unable to interpose any specific objections at this time.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KACEY LEWIS | : | CIVIL NO. 3:12CV1070(VLB) |
| | : | |
| v. | : | |
| | : | |
| MARK FRAYNE, ET AL. | : | JUNE 1, 2016 |

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

1.    Please state where and in what capacity you and each member of your household are employed.

2.    Have you ever served on a jury before?  If so, please identify the location and nature of the case or cases on which you served.

3.    Have you or any member of your household ever been a party to a lawsuit?  If so, please explain.

4.    Do you, or does any member of your family know the Plaintiff, Defendant, or any of the named witnesses.

5.    This case involves a claim, made by a sentenced prisoner, confined to the custody of the Department of Correction, regarding alleged violations of his constitutional rights by Department of Correction employees.  Have you or has any member of your family had any experience with any officer or employee of the State of Connecticut which would prevent you from considering the evidence impartially and fairly?

6.      The Court will instruct you on the law which you are to apply to the facts as you find them.  One of these instructions will be that the burden of proof on all material facts rests on the plaintiff.   Does anyone believe that they will have trouble accepting that instruction?

7.      Do you know anything about this case which would prevent you from deciding this case based upon the evidence and the Court's instructions?

8.      Have you, or has any member of your family or any person close to you, ever been arrested by a police officer?

9.      Have you, or has any member of your family, ever filed a formal or informal complaint against a police officer?  Against a correctional officer?  If so, please describe the circumstances surrounding the complaint and the outcome thereof.

10.      Have you, or has any member of your family ever felt that your or their constitutional rights were violated by a police officer or a correction officer? If so, please explain the circumstances.

11.      Have you ever been arrested?  Held in jail?  Visited someone in jail? If so, do you feel that this fact would influence your ability to render an impartial verdict in this case?

12.      Have you, or has any member of your family ever been employed as a law enforcement officer?  If so, please explain in what capacity and what the circumstances were, if any, which led to the termination of that employment.

13.      Do you believe that the plaintiff must be entitled to something just because he brought this lawsuit to trial?

14. Do you or does anyone you know work for the State of Connecticut? If so, who? In what capacity?

15. Have you ever been a victim of crime? If so, describe the circumstances. Could you still be fair and impartial and decide the case solely on the evidence?

16. Have you ever witnessed a crime?

17. Do you feel that the State's criminal justice system has broken down and that the criminals have more rights than the victims? Could you put aside your personal feelings and beliefs and decide the case fairly - only on the evidence in the case?

18. Do you feel that whatever risks, injuries or harms a prisoner may face are part of the punishment he received for having been convicted of a crime?

19. Do you have any preconceived notions, positive or negative, regarding the State's prison system?

20. Do you know any of the parties or attorneys in this case?

21. Are you or is any member of your family an attorney?

22. Do you or does any member of your family work for an attorney?

23. Have you or has any member of your family ever been sued by the State of Connecticut or any other governmental agency?

24. Have you or has any member of your family ever brought suit against the State of Connecticut or any other governmental agency?

25.  The defendants in this case are two psychiatrists and a psychologist. Have you or any members of your family ever had an experience with a mental health clinician that would affect your ability to be fair and impartial in a case relating to mental health care?

26.  Do you have any opinions regarding persons who suffer from mental illness that would affect your ability to be fair and impartial in a case relating to mental health care?

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KACEY LEWIS | : | CIVIL NO. 3:12CV1070(VLB) |
| | : | |
| v. | : | |
| | : | |
| MARK FRAYNE, ET AL. | : | JUNE 1, 2016 |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### SECTION 1983

This case comes before this Court because the plaintiff alleges that each of the defendants has denied him his lawful rights secured by the Constitution of the United States and under section of federal law known as the Civil Rights Act, Title 42, United States Code, Section 1983.

This statute provides, in part, "Every person who, under color of statute ... of any State ... subjects, or causes ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured ...."

The federally protected right asserted by the plaintiff in this case arises from that portion of the Eighth Amendment of the Constitution of the United States which prohibits the infliction of cruel and unusual punishment even upon

a convicted felon such as this plaintiff as well as the Fourteenth Amendment right to be free from a deprivation of life, liberty or property without due process of law.

## ELEMENTS OF A SECTION 1983 CLAIM

In order to prove each of his claims under Section 1983, the plaintiff must establish, by a preponderance of the evidence, the following three elements:

a.    First, that the defendant acted under color of the authority of the State of Connecticut.

b.    Second, that the defendant deprived the plaintiff of his constitutional rights; and

c.    Third, that the acts of the defendant were the proximate or legal cause of the plaintiff's injuries as alleged in the complaint.

The plaintiff may not recover unless he establishes, by a preponderance of the evidence, each of these elements.[2]

## FIRST ELEMENT-ACTION UNDER COLOR OF STATE LAW

The defendants acknowledge that they were employed by, and working for,

---

[2] Authority: Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in King v. Crose, et al., No. 3:93CV-1273(AHN); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981).

the State of Connecticut and assigned to a Connecticut Department of Correction facility during the period covered by the Complaint. Therefore, this first element is not at issue in this case.[3]

## SECOND ELEMENT-DEPRIVATION OF A CONSTITUTIONAL RIGHT

### A. EIGHTH AMENDMENT RIGHT TO FE FREE FROM CRUEL AND UNUSUAL PUNISHMENT

In this case, the plaintiff claims that defendant Mark Frayne violated his Eighth Amendment right to be free from cruel and unusual punishment when he arranged for plaintiff to be placed in a cell that the plaintiff claims to have been so filthy as to constitute cruel and unusual punishment. The defendant, Mark Frayne, denies this claim.

Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1084 (1986). The defendants' conduct must involve more than ordinary lack of due care for the inmate's interest or safety. Whitley, 106 S.Ct. at 1084. It is intentional cruelty and wantonness, not mistake or error in good faith, that characterizes the conduct prohibited by the Eighth Amendment. Whitley, supra, at 1084.

The United States Supreme Court and the Connecticut Supreme Court have repeatedly observed that prison administrators are charged with the responsibility of ensuring the safety of prison staff, inmates, administrative personnel and visitors. Id.;

---

[3] Authority: Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

Roque v. Warden, 181 Conn. 85, 434 A.2d 348 (1980).  Further, in order for you to find that a defendant violated the Eighth Amendment right of the plaintiff you must find that the defendant consciously disregarded a substantial risk of serious harm to the plaintiff.  It is not sufficient for you to find that the defendant should have known of such risk; you must find that he had actual knowledge.  Farmer v. Brennan, ___ U.S. ___, 114 S.Ct. 1970, 1979 (1994).

In addition, in making these judgments you shall not base your decision upon the 20/20 vision of hindsight. You must put yourselves in the place of the defendants during the very moments when these events were occurring and judge their actions as of that time and under those circumstances.  Graham v. Connor, 490 U.S. 392, 396, 109 S.Ct. 1865, 1872 (1989);  Johnson v. Glick, 481 F. 2d 1028, 1034 (2d. Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462 (1973).   Prison life and relations "between the inmates and prison officials or staff, contain the ever-present potential for violent confrontation and conflagration." Wolf v.McDonnell, 418 U.S. 539, 561-62, 94 S.Ct. 2963, 2977-78 (1974).  "Responsible prison officials must be permitted to take reasonable steps to forestall such a threat, and they must be permitted to act before the time when they can compile a dossier on the eve of a riot." Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 132-33, 97 S.Ct. 2532, 2541 (1977). Keep in mind, "we are considering a large, confined population of convicted felons, not a nursery school."  Battle v. Anderson, 788 F.2d 1421, 1426 (10th Cir. 1986). If  reflection leads you to find that the defendants acted in a good-faith effort to maintain and restore

discipline, no constitutional violation has occurred. <u>Romano v. Howarth</u>, 998 F.2d 101, 105 (2d Cir. 1993).

### B. Fourteenth Amendment Due Process Claim

Additionally, the plaintiff claims that the three defendants deprived him of his right to due process by ordering that he be involuntarily medicated with psychoactive medications without providing him with constitutionally required procedural safeguards. Inmates possess a Fourteenth Amendment right to be free from the arbitrary administration of antipsychotic medication. At the same time, prison officials have a legitimate interest in maintaining prison safety and security by providing inmates with medical treatment that meets both the needs of an individual inmate and of the prison environment. Indeed, prison officials have not only an interest, but also a duty, to take reasonable measures for a prisoner's own safety. Where an inmate's mental disability is the root cause of the threat he poses to the inmate population, the State's interest in decreasing the danger to others necessarily encompasses an interest in providing him with medical treatment for his illness.

*Washington v. Harper*, 494 U.S. 210, 225-26 (1990)(citations omitted).

The involuntary administration of psychoactive medication is permissible if a prison inmate has a serious mental illness, is dangerous to himself or others and the treatment is in the inmate's medical interest. *Id.*

19

In order for the defendants to involuntarily administer psychoactive medications to the plaintiff, they must: (1) provide notice to the inmate of their intent to do so, (2) afford him the right to be present at an adversary hearing, (3) a decision by a neutral physician who is not part of the inmate's treatment team; (4) appointment of a representative to advocate for him; and (5) notice of the decision. *Harper*, 494 U.S. at 235; *Batts v. Boganoff*, 2005 WL 3543774 (D. Conn. 2005).

## THIRD ELEMENT--CAUSATION

### Proximate Cause - Generally

The third element which plaintiff must prove is that each defendant's acts were a proximate cause of the injuries allegedly sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury

that reasonable persons would regard it as being a cause of the injury, then the act or omission was the proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you find that the action or injury which plaintiff complains about, would have occurred, or did occur in the absence of the defendant's conduct, you must find that the defendants did not proximately cause the plaintiff's injury.

Authority: <u>Graham v. Western Line Consolidated School District</u>, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); <u>Mt. Healthy City School District Board of Educ. v. Doyle</u>, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

III. <u>Instructions on Damages</u>

<u>Consider Damages Only if Necessary</u>

If the plaintiff has proven by a preponderance of the credible evidence that one or more of the defendants are liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to

decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

Authority:  Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969)     modified on other grounds, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); Krieger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

## Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that any or all of the defendants are liable on the claims as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct. These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole - that is, to compensate him for the damage that he has suffered. Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, shock and discomfort that he has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for physical injuries that the plaintiff has proven were proximately caused by the defendant's alleged wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered or which he is reasonably likely to suffer in the

near future. You may not award compensatory damages against the defendants for conduct you find to have been merely negligent.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In this regard, you may also keep in mind that the plaintiff is an inmate whose daily living expenses, including medical expenses, are being paid for by the State of Connecticut

Authority: <u>Story Parchment Co. v. Paterson Parchment Paper Co.</u>, 282 U.S. 555, 51 S.Ct. 248,, 75 L.Ed. 544 (1931); <u>Kinty v. United Mine Workers of America</u>, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); <u>Northwestern National Casualty Co. v. McNulty</u>, 307 F.2d 432 (5th Cir. 1962); <u>U.C. Castings Co. v. Knight</u>, 754 F.2d 1363 (7th Cir. 1985); <u>Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc.</u>, 600 F.2d 103 (7th Cir. 1979);Connecticut Law of Torts, 3d Ed. § 174; <u>Markey v. Santangelo</u>, 195 Conn. 76, 485 A.2d 1305 (1985).

## Nominal Damages

In the event you determine that the plaintiff has suffered the deprivation of one or more of his constitutional rights, but that he has not suffered any actual damages as a result, then you may award what are known as nominal damages. In the event that you determine that nominal damages are appropriate, then you may award the plaintiff nominal damages in the amount of one dollar ($1.00).

## Punitive Damages

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded in the discretion of the jury. In order to award the plaintiff punitive damages on his federal claims, the plaintiff must prove that the defendants acted with an evil motive or intent, or with reckless or callous indifference to the plaintiff's federally protected rights. That is, the defendant(s) actions toward the plaintiff must be such that they shock the conscience - their conduct must have been intentionally brutal, not just intentionally excessive.

Authority: Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); Esposito v. Buonome, 647 F.Supp 580, 582 (D. Conn.

1986); <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); <u>Vasbinder v. Ambach</u>, 926 F.2d 1333 (2d Cir. 1991); <u>Abraham v. Pekarski</u>, 728 F.2d 167 (3d Cir. 1984); <u>Longoria v. Wilson</u>, 730 F.2d 300 (5th Cir.1984); <u>Lee v. Southern Homes Sites Corp.</u>, 429 F.2d 290 (5th Cir. 1970); <u>Walker v. Norris</u>, 917 F.2d 1449 (6th Cir. 1990); <u>Bogan v. Stroud</u>, 958 F.2d 180 (7th Cir. 1992); <u>Crawford v. Garnier</u>, 719 F.2d 1317 (7th Cir. 1983).

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| KACEY LEWIS | : | CIVIL NO. 3:12CV1070(VLB) |
| | : | |
| v. | : | |
| | : | |
| MARK FRAYNE, ET AL. | : | JUNE 1, 2016 |

### DEFENDANTS' PROPOSED CASE DESCRIPTION

The defendants propose that the following description of the case be read to the jury:

The plaintiff is Kacey Lewis, who at all relevant times was an inmate incarcerated at the Northern Correctional Institution in Somers, CT. He brings this action against three defendants: Mark Frayne, who at all relevant times was the supervising psychologist at Northern, Gerard Gagne, who at all relevant times was a psychiatrist at Northern, and Robert Berger, who at all relevant times was a psychiatrist and the director of mental health services for the University of Connecticut Correctional Managed Care Program.

In this case, Mr. Lewis alleges that defendants Mark Frayne, Gerard Gagne and Robert Berger caused him to be wrongfully administered psychoactive medications against his will while he was an inmate at the Northern Correctional

Institution in violation of his Fourteenth Amendment Rights. In addition, the plaintiff alleges that defendant Frayne caused him to be held in a filthy cell and forced to wear soiled clothing for a time prior to the administration of involuntary medication. The defendants deny the plaintiff's material allegations and contend that they followed the constitutionally appropriate process for the involuntary administration of psychoactive medication and that such administration was clinically necessary. Defendant Frayne denies the plaintiff's claims that he was subjected to cruel and unusual punishment with respect to the plaintiff's cell assignment or the clothing he was provided.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KACEY LEWIS               :        CIVIL NO. 3:12CV1070(VLB)
                                  :
v.                       :
                                  :
MARK FRAYNE, ET AL.     :        JUNE 1, 2016

## DEFENDANTS' LIST OF EXHIBITS

A.  NCI Video Case No. NCI-11-910 (5/19/11)

B.  NCI Video Case No. NCI-11-958 (6/1/11)

C.  NCI Video Case No. NCI-11-959 (6/1/11)

D.  Plaintiff's Medical Record Treatment Notes From January-November 2011 ( 85 pgs)

E.  Plaintiff's Medical Record Physicians' Orders From January-November 2011 ( 8 pgs)

F.  Plaintiff's Institutional Disciplinary History

G.  Plaintiff's Judgment Mittimuses showing felony convictions