UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KACEY LEWIS, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:12-cv-1070 (VLB) |
| | : | |
| DR. MARK FRAYNE, DR. ROBERT BERGER, AND DR. GERARD GAGNE, | : | August 23, 2017 |
|     Defendants. | : | |

**Ruling Denying Motion to Disqualify Attorney Terrence O'Neill [Dkt. 252] and
<u>Motion to Recuse This Court [Dkt. 253]</u>**

Before the Court is Plaintiff's Motion to Disqualify Attorney Terrence O'Neill [Dkt. 252] and Motion to Recuse This Court [Dkt. 253]. Both Motions are DENIED for the reasons stated below.

First, an attorney must be disqualified only where the lawyer "is likely to be a necessary witness." ABA Rules of Professional Conduct 3.7. Attorney O'Neill is not a necessary witness for the upcoming Hearing on Plaintiff's Motion to Reopen Case, as Attorney O'Neill has no personal knowledge of Plaintiff's treatment at the Hartford Correctional Center between the jury selection date and the first day of trial. This is evidenced by the Defendant's Opposition to the Motion to Reopen Case, which cites no exhibits authored by Attorney O'Neill. Rather, Defendant's Opposition relies on statements of prison officials who interacted with Plaintiff between January 3, 2017 and January 5, 2017. As Attorney O'Neill's testimony will not be necessary at the hearing, the Court need not disqualify him from advocating at the hearing.

**Second, Plaintiff asserts the Court must recuse itself because it dismissed this case with prejudice in 2014. In support, Plaintiff cites Connecticut General Statute 51-183c, which states:**

> **No judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. No judge of any court who presided over any jury trial, either in a civil or criminal case, in which a new trial is granted, may again preside at the trial of the case.**

Plaintiff's argument fails for two reasons. First, Connecticut procedural statutes do not apply in this federal court proceeding. *See Hanna v. Plumer*, 380 U.S. 460 (1965) (holding that federal courts are to apply federal procedural law). Second, no trial has yet been held in this case, so even if Connecticut General Statute 51-183c applied, it would not bar this Court from continuing to preside over this action.

Accordingly, for the foregoing reasons, Plaintiff's Motion to Disqualify Attorney O'Neil and Motion to Recuse This Court are both DENIED.

                                              IT IS SO ORDERED

                                              _____/s/_____

                                              Vanessa L. Bryant,
                                            United States District Judge